UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK JOSEPH SHARIT,

    Plaintiff,

v.

STANISLAUS COUNTY HEALTH SERVICE AGENCY,

    Defendant.

Case No. 1: 13-cv-01192-AWI-BAM

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

## I. Plaintiff's Motion to Proceed In Forma Pauperis

On July 26, 2013, plaintiff Patrick Joseph Sharit ("Plaintiff") a state prisoner appearing pro se, filed a motion to proceed in forma pauperis. (Doc. 2.) Having reviewed the in forma pauperis motion, this Court GRANTS Plaintiff's motion.

## II. Screening Requirement

Currently pending before the Court is Plaintiff's Complaint, filed July 26, 2013. (Doc. 1.) The Court is required to screen complaints brought by prisoners proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th

1

Cir. 2000) (en banc).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation*."* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678-79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are merely consistent with a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III.     Plaintiff's Complaint

On or about July 28, 2011, Plaintiff was seen by one or more doctors at the "Paradise Medical Clinic" for anxiety treatment. Plaintiff was prescribed several medications which Plaintiff alleges caused him to experience a "major psychotic episode" and engage in "criminal activities." Plaintiff seeks damages in the amount of $3,000,000.00 "for loss of freedoms, emotional stress, pain and suffering, humiliation, and time incarcerated."

### IV.     Discussion

#### A.     Plaintiff's Complaint Fails to Comply With Rule 8

Plaintiff has not stated a claim on which relief may be granted. Generally, the Court is lenient and liberally construes pro se pleadings. Plaintiff's Complaint, however, fails to articulate a single claim for relief and is so lacking in factual allegations that there is no discernible cause of action to be inferred. While the Court cannot completely discern what Plaintiff claims, it appears Plaintiff seeks to hold others responsible for his criminal activity. Plaintiff offers no factual or legal basis to legitimize such a claim. Accordingly, Plaintiff's Complaint fails to provide "fair notice" of the claims being

2

asserted and the "grounds upon which [they] rest." *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997).

The Court will dismiss Plaintiff's Complaint because it fails to allege facts sufficient to state a claim upon which relief can be granted. The Court will provide Plaintiff with an additional opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff must revise his complaint to allege facts sufficient to support a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish his cause of action. Fed. R. Civ. P. 8(a). Plaintiff should focus on setting forth, as briefly but specifically as possible, the facts necessary to state a claim on which relief may be granted. Plaintiff must avoid including unnecessary language, as well as advocacy and argumentation. Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997), aff'd, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

**B.     Plaintiff's Complaint Fails to Establish Subject Matter Jurisdiction**

In order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). Generally, these cases involve diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also, Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 114 S.Ct. 1673, 128 L. Ed. 2d 391 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008, 104 L. Ed. 2d 593 (1989).

3

Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

Here, Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in this action and no federal question is presented. Similarly, the complaint does not allege that the parties are citizens of different states.

### C. Plaintiff's Complaint Fails to Allege Compliance With the California Tort Claims Act

The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't. Code 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 90 P.3d 116, 119 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't. Code 950.6; *Bodde,* 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde,* 90 P.3d at 120.

Plaintiff has not alleged any facts indicating he complied with the administrative requirements of the California Tort Claims Act.[1] If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.

---

[1] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

4

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state facts sufficient to state a claim on which relief may be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within thirty (30) days from the date of service of this order, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 28, 2013**　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE